**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonor E Canales, | No. CV-26-00564-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Housing Authority, et al., | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Leonor E. Canales' ("Canales") Application for Leave to Proceed In Forma Pauperis ("IFP Application") and an Emergency Motion for Preliminary Injunctive Relief ("Emergency Motion").[1] (Docs. 3 & 5). Having reviewed her IFP Application, The Court will grant Plaintiff IFP status under 28 U.S.C. § 1915 and screen her Complaint.[2] Because the Court finds Canales's claims are deficiently pled, her Emergency Motion for preliminary injunctive relief is denied, without prejudice to renew upon amendment of her claims.

---

[1] Canales has also filed Notices with the Court at Docs. 8, 9 & 10. Canales says Document 8 details treatment history for her listed mental disabilities. (Doc. 8). Document 9 concerns Canales' alleged ongoing irreparable harm from not receiving her requested disability accommodations. (Doc. 9). And finally, Canales says Document 10 further references ongoing irreparable harm that Canales states cannot be relieved by later monetary relief. (Doc. 10).

[2] Plaintiff's Complaint consists of a form Complaint for Violation of Civil Rights and attached letter (Doc. 1 at 1–8); a U.S. Department of Housing and Urban Development Housing Discrimination Complaint, dated January 29, 2026 (Doc. 1 at 9–12); and a non-form Civil Complaint (Doc. 1 at 13–18).

I. **Background**

In her Complaint, Canales alleges that she is an individual with severe physical and mental disabilities, "including but not limited to major depressive disorder, anxiety and panic disorders, post-traumatic stress disorder ("PTSD"), bipolar disorder and borderline personality disorder." (Doc. 1 at 7 and 14). She avers that she is a participant in the Section 8 Housing Choice Voucher Program and an individual entitled to reasonable accommodations under federal fair housing and disability laws. (*Id.*)[3]

Her claims are centered on her interactions with the Phoenix Housing Authority ("PHA"), the City of Phoenix department that manages the HCV program. Canales says "despite having already provided signed medical records confirming [her] disabilities" PHA has denied her request for reasonable accommodations because a specific housing authority form was not signed by one of her physicians. (Doc. 1 at 10, 15). She says her medical providers have declined to complete the needed form "due to their own internal policies." (*Id.*)

Plaintiff alleges that Defendants refuse "to consider Plaintiff's medical records or alternative documentation and [thus] failed to engage in an interactive process, thereby erecting an unlawful barrier to accommodation." (*Id.* at 15). She says that she personally went to the PHA on January 20, 2026, to discuss the issue and experienced "harassment, humiliation, intimidation, and hostile treatment related to [her] disabilities" from PHA employee Lori Cole ("Cole"). Plaintiff says that when she told Cole that she intended to file a complaint with HUD, Cole "responded dismissively and stated that filing a complaint would not matter because it would return to her office and be denied again." (*Id.*) Plaintiff took this statement to be retaliatory and intended to discourage her from exercising her rights. (*Id.*) Plaintiff says she has experienced severe emotional distress, worsening of her

---

[3] The Section 8 Housing Choice Voucher ("HCV") is funded by the U.S. Department of Housing and Urban Development ("HUD") and is available for low-income individuals and families to provide safe and decent affordable housing. Program participants pay at least 30% of their monthly income toward their rent to a private landlord of their choice and the program pays the landlord the remaining balance of the rent. *See* https://www.phoenix.gov/administration/departments/housing/section-8-housing.html (last visited February 2, 2026).

mental health symptoms, loss of housing stability, humiliation and psychological harm as a result of Defendants' actions. (*Id.*) She is currently homeless and sleeping in her car. (*Id.*)

Plaintiff seeks compensatory damages, punitive damages against Cole, and injunctive relief requiring Defendants to engage in a lawful interactive process; accept her comprehensive medical records when her physical forms are unavailable to cease discriminatory and retaliatory practices and "recognition of a **permanent reasonable accommodation** to prevent future harm." (Doc. 1 at 17).

Plaintiff's Complaint alleges claims against the PHA, Cole, Cole's supervisor, and Lupe Martinez, a reasonable accommodation specialist (collectively "Defendants") under 42 U.S.C. § 1983; failure to provide her a reasonable accommodation under the Fair Housing Act, 42 U.S.C. § 3604(f)) ("FHA); disability discrimination under Title II of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"); retaliation under the FHA and ADA; and negligence. (*Id.* at 8–9, 16–17).

## II.    Legal Standard

When a party has been granted IFP status under 28 U.S.C. § 1915, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[4] In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

---

[4] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). So, section 1915 applies to this non-prisoner IFP complaint.

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[5] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

To determine whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standards as those required under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1127). The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th

---

[5] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). In line with this principle, the Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. However, if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.    Statutory Screening

Canales has not adequately pled enough facts to plausibly make out her claims. The Court will address the Complaint's deficiencies in turn.

### A. 42 U.S.C. § 1983 Claim

The facts supporting Canales's Section 1983 are stated as follows: "Discrimination of medical disability for reasonable accommodation. Refused to approve reasonable accommodation due to disability. Denied because provider denied to sign off on my reasonable accommodation form. I have past, present, updated medical documents and records to prove my disability." (Doc. 1 at ¶ B).

"Section 1983 does not alone create substantive rights; rather, [it] merely provides a mechanism for enforcing individual rights secured elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006) (internal quotation marks omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "A plaintiff will not be permitted to bring a section 1983 action if (1) the statute does not create an enforceable right, privilege, or immunity, or (2) Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme."

*Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).

Plaintiff has not clearly identified a constitutional right or federal law upon which she predicates her Section 1983 claim.[6] Again, there is no independent legal action for a violation of Section 1983. The action must be premised on some deprivation of rights, privileges, or immunities secured by the Constitution and laws. The Court will not speculate which rights, privileges, or immunities secured by the Constitution and/or laws Plaintiffs believe Defendants may have infringed that could constitute a cause of action under Section 1983. Presently, the claim is deficiently pled and will be dismissed.

### B. Failure to provide Reasonable Accommodation under the FHA, 42 U.S.C. § 3604(f)[7]

The FHA "prohibits discrimination in the form of 'a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.' " *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189 (9th Cir. 2021) (quoting 42 U.S.C. § 3604(f)(3)(B)). To establish an FHA discrimination claim, a plaintiff can rely on one of three theories: (1) disparate treatment, (2) disparate impact, or (3) failure to make reasonable accommodations for handicapped housing. *Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997).

Canales alleges Defendants failed to provide her reasonable accommodations under the FHA when PHA "failed to engage in the required interactive process, rigidly enforced

---

[6] To the extent Canales' § 1983 claim is predicated upon a violation of the ADA or RA, it fails to state a cognizable legal theory. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Karam v. Univ. of Arizona*, 2019 WL 588151, at *4 (D. Ariz. Feb. 13, 2019); *Okwu v. McKim*, 2011 WL 219565, at *5 (E.D. Cal. Jan. 19, 2011) ("Section 1983 is not a vehicle to vindicate statutory rights secured by the ADA; rather, plaintiff must sue under the ADA directly. Section 1983 cannot be used to enforce rights created by a statutory scheme that already includes comprehensive remedial measures.") (internal citations omitted).

[7] Canales' Emergency Motion argues only that Canales is entitled to injunctive relief because she is likely to succeed on the merits of her FHA's reasonable accommodation claim. (Doc. 5 at 3). Because the Court finds that her FHA reasonable accomodation is insufficiently pled and is not allowing the claim to proceed, the Emergency Motion (Doc. 5) will be denied without prejudice. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979) (Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion).

1  internal procedures, refused to consider alternative documentation, and denied a necessary
2  reasonable accommodation." (Doc. 1 at 11).  For Canales to state a viable claim for failure
3  to provide a reasonable accommodation under the FHA she must show: (1) she suffers
4  from a handicap recognized by the FHA; (2) defendant knew or reasonably should have
5  known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary
6  to afford plaintiff an equal opportunity to use and enjoy the dwelling; (4) the
7  accommodation is reasonable; and (5) defendants refused to make such an accommodation.
8  *Salisbury v. City of Santa Monica*, 998 F.3d 852, 857–58 (9th Cir. 2021); *Dubois v. Ass'n*
9  *of Apt. Owners of 2987 Kalakaua*, 453 F.3d at 1179 (9th Cir. 2006).  "The reasonable
10 accommodation inquiry is highly fact-specific, requiring case-by-case determination."
11 *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997)
12 (citation omitted).

13     Canales has sufficiently alleged that she suffers from a handicap recognized by the
14 FHA, that Defendants had knowledge of her handicaps, and that Defendants refused her
15 requested accommodation. Canales offers few facts, however, about what accommodation
16 she requested, and no facts stating how the requested accommodation may be necessary to
17 afford her an equal opportunity to enjoy and use her home, or that it was reasonable.
18 Canales states that "Defendants' refusal to accept alternative documentation and rigid
19 enforcement of internal procedures had a discriminatory effect and violated federal law."
20 (Doc. 1 at ¶ 26).  But Canales fails to allege how Defendants' refusal to accept her form
21 without a physician's signature deprived her of an equal opportunity to use or enjoy her
22 dwelling. As stated, Canales's failure to accommodate claim is insufficiently pled.
23 Because she may be able to resolve these deficiencies by alleging additional facts, however,
24 the Court will give her leave to file an amended complaint with respect to this claim.

25     **C. Disability Discrimination under the ADA and Rehabilitation Act**
26     Canales also alleges disability discrimination under the ADA and the Rehabilitation
27 Act.  (Doc. 1 at ¶¶ 27–29). Both the ADA and the RA use the same elements to establish a
28 claim for disability discrimination. *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*,

114 F.3d 976, 978 (9th Cir. 1997). Under both, Canales must allege: (1) she is a "qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of his disability.*" See 42 U.S.C. § 12132 (emphasis added); *Does 1–5 v. Chandler,* 83 F.3d 1150, 1154–55 (9th Cir. 1996). Similarly, under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) she is an "individual with a disability"; (2) she is "otherwise qualified" to receive the benefit; (3) she was denied the benefits of the program *solely by reason of her disability;* and (4) the program receives federal financial assistance. See 29 U.S.C. § 794 (emphasis added); *Bonner v. Lewis,* 857 F.2d 559, 562–63 (9th Cir. 1988).

Canales avers that she is disabled because of her listed mental disabilities. (Doc. 1 at ¶ 8). Her Complaint states she was denied Section 8 housing and so she meets element two. (*Id.* at ¶ 28). However, she has not sufficiently alleged enough facts to show that she was denied her accommodations request because of/solely due to her disability. And the Court is unable to overlook this omission since it is a required part of a discrimination claim under both statutes. *Does,* 83 F.3d at 1155 ("[A] plaintiff proceeding under Title II of the ADA must, similar to a Section 504 plaintiff, prove that the exclusion from participation in the program was 'solely by reason of disability.' "). The Court will also assume that the PHA receives federal funds because Canales says as much in her Complaint: "Defendants receive federal assistance and are subject to the Rehabilitation Act." (Doc. 1 at ¶ 29). The Court finds that Canales has deficiently pleaded her claim for disability discrimination under the ADA and RA, but the Court will allow her leave to amend her Complaint.

### D. Retaliation under the FHA and ADA

Canales also alleges a retaliation claim under the FHA and the ADA. (Doc. 1 at 16). Both statutes are analyzed identically because both follow the same standard for determining retaliation. To state a retaliation claim Canales needs to show that (1) she was

engaged in a protected activity; (2) she suffered an adverse action; (3) and there was a causal link between the two. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (doing the same for the ADA retaliation standard).; *Hall v. Meadowood Ltd. P'ship*, 7 F. App'x 687, 689 (9th Cir. 2001) (outlining the FHA legal standard for retaliation).

Canales plausibly states that she engaged in a protected activity when she requested reasonable accommodations for housing and expressed an intent to file "a complaint with HUD's Office of Fair Housing and Equal Opportunity." (Doc. 1 at 11, 16). She alleges that she suffered adverse actions when her accommodation form was unreasonably rejected and she was deterred from filing her HUD complaint when Cole told her the complaint would just come back to her office and be denied. (Doc. 1 at 10–11). Canales states: "After I informed Ms. Cole that I intended to file a complaint with HUD's Office of Fair Housing and Equal Opportunity, she responded in a dismissive and mocking manner, stating that filing the complaint would not matter because it would return to her office and be denied again. I experienced this response as retaliatory and intend to discourage me from exercising my fair housing rights." (*Id.*) With what Canales has provided the Court; the Court finds that she has plead enough facts for a viable FDA and ADA retaliation claim.

### E. Negligence

For her final claim, Canales states that Defendants owed Canales a "duty of care to administer housing programs lawfully and without discrimination." (Doc. 1 at 33). She then says that "Defendants breached that duty, causing foreseeable harm to Plaintiff." (*Id.* at 34). To sustain a negligence claim under Arizona requires Canales to demonstrate the following: (1) a duty requiring a defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. *Romero v. Langston*, 2018 WL 1415103, at *2 (Ariz. Ct. App. 2018).

Based on what Canales has alleged in her Complaint, there is no basis in law for Canales' negligence claim to go forward. Arizona bases duty in a negligence claim "solely

on special relationships and public policy."[8] *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 838 (Ariz. 2018). While Arizona courts recognize that a public housing agency owes a duty of care to its *tenants*, the Court can find no case law that extends that duty to individuals who are not yet tenants. *See Cummings v. Prater*, 386 P.2d 27, 31 (Ariz. 1963) (finding that landlords owe their tenants a duty of care); *see also Petolicchio v. Santa Cruz Cty. Fair & Rodeo Ass'n*, 866 P.2d 1342, 1347 (Ariz. 1994) ("The question is whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff.") (quoting *Markowitz v. Arizona Park Bd.*, 706 P.2d 364, 368 (Ariz. 1985)); *see also Quiroz,* 416 P.3d at 838 ("Additionally, Arizona does not presume duty; rather, in every negligence case, the plaintiff bears the burden of proving the existence of a duty").

Canales stated in her Complaint that she is a "participant in the Section 8 Housing Choice Voucher Program." (Doc. 1 at 7). She has not alleged anywhere in her Complaint that she was already a tenant in a Section 8 housing facility. In fact, from what the Court can understand, it appears that Canales was applying for Section 8 housing but was unable to secure it because she did not have the required physician's signature on her forms.

Additionally, based on what she has pleaded, she is not owed a duty of care from the individual Defendants she named in this case because she has not alleged that she has a "special relationship" with any of them. *See Stanley v. McCarver*, 92 P.3d 849, 851 (Ariz. 2004) (standing for the proposition that special relationships are those that arise out of contract, joint undertakings, and family relationships); *see also Bloxham v. Glock Inc.*, 53 P.3d 196, 200 (Ariz. Ct. App. 2002) (" 'We do not understand the law to be that one owes a duty of reasonable care at all times to all people under all circumstances.' ") (quoting *Hafner v. Beck*, 916 P.2d 1105, 1107 (Ariz. Ct. App. 1995)). Nor has Canales alleged that there is a policy reason for finding that she is owed a duty of care by individual Defendants.

---

[8] A duty based on public policy in Arizona is primarily a duty that is rooted in statute. *See Quiroz*, 416 P.3d at 830. This is because deciding whether something is a duty from a public policy standpoint is a legislative function. *Ray v. Tucson Med. Ctr.*, 230 P.2d 220 (Ariz. 1951).

*See Quiroz*, 416 P.3d at 830 (tethering the policy reasons for finding a duty of care to statutes).

Therefore, at this juncture, the Court finds that Canales has not sufficiently pleaded that she has a viable negligence claim under Arizona law.

### IV. Leave to Amend

In accordance with the well-settled law in this Circuit, however, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint). It will dismiss the Complaint and grant leave for Plaintiff to file a first amended complaint within **thirty (30) days** from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Canales will be allowed leave to amend Counts One, Two, and Four of her Complaint. Canales' amended Complaint must be amended to address the deficiencies identified above and she must clearly designate on the face of the document that it is the "First Amended Complaint." Canales should, in a short and plain manner, then state each claim or cause of action a separate count, alleging facts that that satisfy all the elements of the claims she is bringing. For example, she must allege a private cause of action to base each of her claims, identify the legal elements to meet that cause of action, and allege sufficient and particularized facts that show how she meets each requisite element.

Canales' amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[9] This amended complaint must be

---

[9] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District

retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

The Court recommends Canales review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[10] Canales should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

**IV.   Warning**

Canales is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Canales fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS ORDERED:**

(1)    Plaintiff Leonor Canales' Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **granted**.

(2)    Plaintiff's Count One for Failure to Provide Reasonable Accommodation under the Fair Housing Act, Count Three for Disability Discrimination under Americans

---

Court's internet web page at www.azd.uscourts.gov/.

[10] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

|   |   |
|---|---|
| 1 | with Disabilities Act and the Rehabilitation Act, and Count Four for Negligence are |
| 2 | **dismissed** without prejudice.   Defendants must answer Count Two for Retaliation under |
| 3 | the Fair Housing Act and Americans with Disabilities Act. |
| 4 | (3)    If Plaintiff attempts to amend to address the shortcomings identified in this |
| 5 | Order, the amended complaint must be filed within **30 days** and retyped or rewritten in its |
| 6 | entirety (including the claims that were not dismissed), and Plaintiff must comply with |
| 7 | Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil |
| 8 | Procedure. |
| 9 | (4)    The Clerk of Court must send Plaintiff this Order, and a copy of the |
| 10 | Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request |
| 11 | for Waiver of Service of Summons form for each named Defendant. |
| 12 | (5)    Plaintiff must complete and return the service packet to the Clerk of Court |
| 13 | within 21 days of the date of filing of this Order. The United States Marshal will not provide |
| 14 | service of process if Plaintiff fails to comply with this Order. |
| 15 | (6)    If Plaintiff does not either obtain a waiver of service of the summons or |
| 16 | complete service of the Summons and First Amended Complaint on a named Defendant |
| 17 | within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, |
| 18 | whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. |
| 19 | Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii). |
| 20 | (7)    The United States Marshal must retain the Summons, a copy of the First |
| 21 | Amended Complaint, and a copy of this Order for future use. |
| 22 | (8)    The United States Marshal must notify Defendants of the commencement of |
| 23 | this action and request waiver of service of the summons pursuant to Rule 4(d) of the |
| 24 | Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this |
| 25 | Order. |
| 26 | (9)    A Defendant who agrees to waive service of the Summons and First |
| 27 | Amended Complaint must return the signed waiver forms to the United States Marshal, not |
| 28 | the Plaintiff, within 30 days of the date of the notice and request for waiver of service |

pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10)   The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)   Defendants must answer the relevant portions of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

/ / /

/ / /

/ / /

(13) The Emergency Motion for Preliminary Injunctive Relief (Doc. 5) is **denied without prejudice.**

Dated this 9th day of February, 2026.

*[Signature]*

Honorable Diane J. Humetewa
United States District Judge