**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Leonor E Canales,
Plaintiff,
v.
Phoenix Housing Authority, et al.,
Defendants.

No. CV-26-00564-PHX-DJH

**ORDER**

Before the Court is *pro se* Plaintiff Leonor E. Canales' ("Canales") First Amended Complaint ("FAC") (Doc. 18), Motions to Appoint Counsel (Docs. 13 & 17), and Motion for Status (Doc. 20). The latter will be granted as set forth in this Order.

As noted in its initial Screening Order (Doc. 11), the Court has statutory obligations to screen complaints. *See* 28 U.S.C. § 1915(e)(2). The Court previously found that Counts I, II, and IV were insufficiently pled. (Doc. 11 at 11). Having reviewed Canales's FAC, the Court finds Counts II and IV for disability discrimination and negligence, as well as her ambiguous Section 1983 claim, are still deficiently pled. Her Count I and III claims for failure to provide reasonable accommodation and retaliation, however, may move forward. The Court also finds that Canales does not demonstrate the exceptional circumstances at this time for the appointment of counsel.

## I. Background

The facts of this case were summarized in the Court's Screening Order and are incorporated herein. (Doc. 11 at 2–3). Canales's FAC again asserts claims against the

Phoenix Housing Authority ("PHA"), its employee Lori Cole ("Cole"), and Doe Defendants (collectively, "Defendants") for violations of 42 U.S.C. § 1983; failure to provide her a reasonable accommodation under the Fair Housing Act, 42 U.S.C. § 3604(f), ("FHA") ("Count I"); disability discrimination under Title II of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") ("Count II"); retaliation under the FHA and ADA ("Count III"); and negligence ("Count IV").[1] (Doc. 18 at 1, 3–5). Canales seeks compensatory and punitive damages and injunctive relief against Defendants. (*Id.* at 5).

Canales filed her original complaint on January 29, 2026. (Doc. 1). The Court permitted Canales to proceed *in forma pauperis* ("IFP") but dismissed her 42 U.S.C. § 1983 claim and Counts I, II, and IV for failing to state a claim upon which relief may be granted. (Doc. 11 at 1, 5–11). Following dismissal with leave to amend (*id.* at 11), Canales filed her FAC (Doc. 18).

Canales filed her FAC raising substantially similar factual allegations and claims as her original complaint (*Compare* Doc. 1 at 13–18 with Doc. 18). Since the Court's Screening Order, Canales has also filed two Motions to Appoint Counsel (Docs. 13 & 17) and a Motion for Status (Doc. 20).

## II. Legal Standard

In cases where a plaintiff has been granted IFP status, the Court is required by 28 U.S.C. § 1915(e)(2) to dismiss cases that are frivolous, malicious, fail to adequately state a claim, or seek monetary relief from a defendant who is immune.[2] *See Lopez v.*

---

[1] Although the FAC does not identify as a separate "Count" her claim under 42 U.S.C. § 1983, the Court construes reference to this statute as Canales bringing such claim. *See Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (recognizing the principle that courts must be mindful that *pro se* filings are to be construed liberally when evaluating them at the screening stage).

[2] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)) ("[S]ection 1915(e) applies to all in forma pauperis complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, Section 1915 applies to this non-prisoner IFP complaint.

*Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[i]t is . . . clear that § 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim") (internal citation omitted). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (collecting cases). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

While the Court construes *pro se* complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). A plaintiff's *pro se* status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a *pro se* litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that merely provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor

will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court must give leave to amend unless "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, the Court should dismiss with prejudice. *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262.

## III. Discussion

### A. Statutory Screening of FAC

Because Canales does not seek monetary relief from a party that may be immune from such relief, the Court shall consider if each claim is either frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

#### 1. 42 U.S.C. § 1983 Claim

In its Screening Order the Court explained that Canales's Section 1983 claim failed because the Complaint had "not clearly identified a constitutional right or federal law upon which" this claim is based. (Doc. 11 at 6). The only mention of Section 1983 in her FAC is found in the "Jurisdiction and Venue" section, which states that this action arises under, in relevant part, "42 U.S.C. § 1983 (deprivation of federal rights)." (Doc. 18 at 1). The FAC still fails to identify those "federal rights" that Defendants may have infringed that could constitute a cause of action under Section 1983, and the Court will not speculate what those rights may be. Therefore, the FAC fails to state a claim under 42 U.S.C. § 1983.

/ / /

### 2. Count I: Failure to Provide Reasonable Accommodation

Canales brings a claim for failure to provide reasonable accommodation under the FHA, 42 U.S.C. § 3604(f)(3)(B). (Doc. 18 at 4). This statute prohibits "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). A properly pled claim must allow the court to infer:

> (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation [in rules, policies, practices, or services] of the handicap may be necessary to afford the handicapped person an equal opportunity [i.e., equal to a non-handicapped person] to use and enjoy the dwelling; (4) that the accommodation [in rules, policies, practices, or services] is reasonable; and (5) that defendant refused to make the requested accommodation.

*Howard v. HMK Holdings*, LLC, 988 F.3d 1185, 1189–90 (9th Cir. 2021). Canales sufficiently alleges that she was handicapped within the meaning of the statute and that Defendant knew of her handicap. (Doc. 18 at 2). The accommodation the Court infers from the FAC is for Defendants to accept alternative documentation, such as signed treatment records and diagnostic reports from licensed providers, verifying that she has a disability rather than requiring Canales obtain a specific form. (*Id.* at 2–3). The FAC states Canales attempted to comply with Defendants' requirements and made efforts to convince Defendants to accept the alternative documentation to no avail. (*Id.* at 2). Despite her verifiable disability status, Defendants refused to consider her documentation which prevented her from obtaining housing. (*Id.* at 3–4). At this stage, Canales has sufficiently pled a claim for failure to provide reasonable accommodation under the FHA. The Court will order Defendants to answer Count I.

### 3. Count II: Disability Discrimination

Next, Canales brings a claim for disability discrimination under Title II of the ADA, 42 U.S.C. § 12132, and Section 504 of the RA, 29 U.S.C. § 794. (Doc. 18 at 4). The Court

understands the FAC alleges Defendants violated the ADA and RA because the requirement that Canales complete a specific reasonable accommodations form imposed a burden on her as a person with a disability and denied her meaningful access to housing benefits and services. (*Id.* at 2–3).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In nearly identical language, the RA precludes discrimination on the basis of disability by entities that receive federal funding. 29 U.S.C. § 794; *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("Title II of the ADA and § 504 of the [RA] both prohibit discrimination on the basis of disability").

To state a disability discrimination claim under the ADA, a plaintiff must sufficiently allege: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was because of her disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Similarly, under the RA, a plaintiff must sufficiently allege: (1) she is an individual with a disability; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of his disability; and (4) the program providing the benefit or services receives federal financial assistance. *See Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Courts generally examine claims under these statutes together. *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002) ("We examine cases construing claims under the ADA, as well as section 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts" (citation omitted)); *Pruett v. Arizona*, 606 F. Supp. 2d 1065, 1073 (D. Ariz. 2009) ("There is no significant difference in the analysis of rights and

obligations created by the ADA and Section 504 of the Rehabilitation Act")

The FAC does not sufficiently plead facts that suggest Defendants were motivated by her disability or solely because of her disability when they refused to accept alternative documentation regarding her disability, denied her housing benefits, or carried out any other actions she alleges in her FAC. *Weinreich*, 114 F.3d at 978. Where a public entity denies benefits or otherwise sanctions an individual based on her failure to comply with a generally applicable requirement, the denial is not "by reason of disability" within the meaning of the ADA or RA unless the individual's disability prevented her from complying. In *Weinreich*, for example, the Ninth Circuit held that a certification requirement did not discriminate by reason of disability where the plaintiff's "inability to provide [the required] certification was due to his financial circumstances, not his medical disability." *See* 114 F.3d at 979. By contrast, the Ninth Circuit held in *McGary v. City of Portland* that a city ordinance requiring the plaintiff to clean his yard within a specified time after receiving a nuisance notice was discrimination by reason of disability because the plaintiff's disability made it impossible for him to complete the cleaning within the prescribed time. *See* 386 F.3d at 1265–66.

The FAC merely asserts that Defendants discriminated against her by refusing to accept her alternate documentation for housing after all her treating providers "declined to complete the [required] form due to their own internal policies, despite acknowledging and treating Plaintiff's disabilities." (Doc. 18 at 3). Even taken as true, her allegations do not state claims under the ADA or RA because Defendants' refusal to accept her alternate documentation was not because of her disability. Indeed, as alleged, her inability to complete the required form was due to her providers' internal policies, not her disability. (*Id.*) Additionally, the FAC does not allege that her disability made it impossible for her to complete the required form. Because the FAC does not plead facts that her disability prevented her from completing the required form, it fails to plead that Defendants' refusal was by reason of her disability. The FAC's claim for disability discrimination under the ADA and RA thus fails to state a claim.

**4. Count III: Retaliation**

Next, Canales alleges a claim for retaliation under the FHA and the ADA. (*Id.*) The FAC alleges substantially similar allegations to support this claim, so it does not alter the Court's analysis in its Screening Order. (Doc. 11 at 8–9). Accordingly, the Court incorporates that analysis and concludes that, based on the allegations in the FAC, Canales has pleaded sufficient facts for a viable retaliation claim under the FHA and ADA. The Court will order Defendants answer Count III.

**5. Count IV: Negligence**

Lastly, Canales alleges that Defendants owed her "a duty of care to administer housing programs lawfully and without discrimination." (Doc. 18 at 5). Canales' allegation suggests that violation of federal statutes necessarily creates an independent claim for negligence under Arizona's common law. Negligence under Arizona law requires "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Jensen v. EXC, Inc.*, 82 F.4th 835, 857 (9th Cir. 2023) (internal quotes and citations omitted). In Arizona, duty "is based on either recognized common law special relationships or relationships created by public policy." *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 829 (Ariz. 2018).

Duty arising from special relationships arise from "special relationships recognized by the common law, contracts, or conduct undertaken by the defendant." *Id.* (internal quotation marks and citation omitted); *see CVS Pharmacy, Inc. v. Bostwick in & for county of Pima*, 494 P.3d 572, 578 (Ariz. 2021) ("duty is not presumed, and the plaintiff has the burden of establishing its existence"); *Petolicchio v. Santa Cruz Cnty. Fair & Rodeo Ass'n, Inc.*, 866 P.2d 1342, 1347 (Ariz. 1994) ("The question is whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff.").

As the Court noted in its original Screening Order, Canales's negligence claim does not sufficiently allege the existence of a duty on Defendants to conform to a certain

standard of care. (Doc. 11 at 9–10). The FAC does not provide any additional allegations to support her negligence claim, specifically that any of the Defendants owed Canales, an applicant for Section 8 housing, a duty of care, or that a special relationship exists with any Defendant that could plausibly give rise to a duty of care. (*See id.*) Accordingly, the FAC fails to state a negligence claim.

After reviewing the FAC, the Court finds that Canales has sufficiently pled Count I for Failure to Provide Reasonable Accommodations under the FHA, and Count III for Retaliation under the FHA and ADA and Defendants shall be directed answer the same. Counts II for Disability Discrimination under the ADA and RA and Count IV for Negligence shall be dismissed, as well as any purported claim brought under Section 1983.

**B. Dismissal With Leave to Amend**

In general, leave to amend is freely given, *see* Fed. R. Civ. P. 15, and the Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).

Canales has already been granted leave to amend her complaint to cure the noted deficiencies. Accordingly, to the extent Canales seeks to further amend her claims, she must do so by motion. If Canales moves to amend her FAC to address the shortcomings identified in this Order, her motion to amend and proposed amended complaint must be filed within **30 days** and retyped or rewritten in its entirety (including the claims that were not dismissed), and Canales must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

**C. Appointment of Counsel**

Canales requests the Court appoint counsel to represent her. (Docs. 13 & 17).[3] The

[3] In her most recent Motion to Appoint Counsel, Canales informs the Court that she has obtained housing through PHA, but that it "does not provide the same accessibility features and accommodations" as the unit she asserts she would have obtained but for Defendants' conduct (Doc. 17 at 1). To the extent that Canales asserts additional allegations, the appropriate procedure is to request leave to amend. *See* LRCiv 15.1(a).

Motions raise similar arguments and requests for relief; therefore, the Court will address them together. Canales asserts that the complexity of legal issues, her IFP status, and her medical and mental health disabilities prevent her from effectively advocating for herself (Doc. 17 at 1).

There is no constitutional right to the appointment of counsel in a civil case. *See e.g., United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases). The Court does, however, have discretion to "request" appointment of counsel for indigent litigants pursuant to Section 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The exceptional-circumstances inquiry requires the Court to consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issue involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these considerations is dispositive and instead must be viewed together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Although Canales does not address the first factor, there is little before the Court regarding the merits, aside from the assertions in the FAC.[4] At this early stage of the case, when the Defendants have not yet answered the FAC, and when the parties have not yet engaged in discovery or "proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits[.]" *Arellano v. Hodge*, 2017 WL 1711086, at *4 (S.D. Cal. May 3, 2017) (denying motion to appoint counsel when discovery had not yet been completed); *see Fierro v. Smith*, 2022 WL 2437526, at *1–2 (9th Cir. July 5, 2022) (finding that district court did not abuse its discretion in declining to appoint counsel earlier in case because it was not clear plaintiff's claims had potential merit until after summary judgment).

---

[4] That two of Canales' claims survived the Court's screening process does not demonstrate that Canales is likely to succeed at trial. *McGinnis v. Ramos*, 2017 WL 474054, at *2 (S.D. Cal. Jan. 3, 2017) (stating that the court's screening process under § 1915 "tests not whether a plaintiff will ultimately prevail on his alleged claim but whether he is entitled to offer evidence to support his claim. [ ] Thus, the Court's screening process did not test the merits of Plaintiff's claim but rather only whether Plaintiff adequately stated a claim that could potentially have merit.") (internal citation omitted).

As to the second factor, a litigant must meet a high bar to show that she is unable to "present [her] case *pro se* in light of the complexity of the legal issues involved." *Siglar v. Hopkins*, 822 Fed. Appx. 610, 612 (9th Cir. 2020). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Id.* ("if this were the prevailing standard, pro se civil litigants would be entitled to counsel in all circumstances, not only exceptional ones") (citation omitted); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Rather, the plaintiff must demonstrate that she is unable to articulate her claims due to their complexity. *Rand*, 113 F.3d at 1525. Thus, as long as a *pro se* litigant is able to articulate her claim, the "exceptional circumstances" that might support the appointment of counsel do not exist. *Jones v. Kuppinger*, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015).

Contrary to Canales's contention, this case—arising from Defendants' alleged refusal to accept alternative documentation verifying her disability status to process her housing application and single interaction with Cole (Doc. 18 at 2–3)—does not appear to present the type of legally or factually complex issues that would preclude her from adequately articulating her claims *pro se*. That Canales might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. Second, the financial inability to pay for counsel is also not an extraordinary circumstance that warrants the appointment of counsel. *Smith v. NDOC*, 2023 WL 12066732, at *1 (D. Nev. June 29, 2023). Lastly, in general, a litigant's mental illness or disability must render her completely unable to articulate her arguments and prosecute the case. *See Fletcher v. Quin*, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018). Given the Court's conclusion that Canales' current complaint articulates her circumstances, yet in two circumstances fails to establish plausible claims, she has not demonstrated exceptional circumstances warranting the appointment of counsel. *See Kinford v. Moyal*, 2021 WL 2904915, at *2 (D. Nev. July 9, 2021) (stating that being able to articulate the claims well negates finding in favor of appointing counsel for a *pro se* party). Having considered both factors, the Court finds there are no exceptional circumstances requiring the appointment of counsel at this time.

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff Canales's Motion to Appoint Counsel (Doc. 17) is **denied** without prejudice.

(2) Canales's Motion for Status (Doc. 20) is **granted** as addressed herein.

(3) The following claims in the FAC (Doc. 18) are **dismissed** without prejudice: 42 U.S.C. § 1983 claim, Count II for Disability Discrimination under the Americans with Disabilities Act and the Rehabilitation Act, and Count IV for Negligence. Defendants must answer Count I, Failure to Provide Reasonable Accommodation under the Fair Housing Act, and Count Three, Retaliation under the Americans with Disabilities Act and the Fair Housing Act.

(4) If Canales attempts to amend to address the shortcomings identified in this Order, a motion to amend and proposed amended complaint must be filed within **30 days** of the date of filing of this Order and retyped or rewritten in its entirety (including the claims that were not dismissed), and Canales must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(5) The Clerk of Court must send Canales this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for each named Defendant.

(6) Canales must complete and return the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Canales fails to comply with this Order.

(7) If Canales does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a named Defendant within **90 days** of the filing of the Complaint or within **60 days** of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8) The United States Marshal must retain the Summons, a copy of the First

Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(10) A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Canales, within **30 days** of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within **30 days** from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within **10 days** after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) Defendants must answer the relevant portions of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 30th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge